[No. S041217. Feb. 9, 1995.]

JOHN FITCH, a Judge of the Superior Court, Petitioner, v.
COMMISSION ON JUDICIAL PERFORMANCE, Respondent.

Counsel

John Fitch, in pro. per., and William A. Smith for Petitioner.

Daniel E. Lungren, Attorney General, Karen Ziskind and Raymond L. Brosterhous, Deputy Attorneys General, for Respondent.

Opinion

**THE COURT.**\*—Judge John Fitch of the Fresno County Superior Court, acting in propria persona, has petitioned for review of a unanimous recommendation by the Commission on Judicial Performance (Commission) that he be publicly censured for conduct which the Commission has found to constitute "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." (See Cal. Const., art. VI, § 18, subd. (c) [hereafter section 18(c)]; Cal. Rules of Court, rule 919(b).)

The bases for the Commission's censure recommendation are that, between 1988 and 1992, petitioner engaged in a pattern of misconduct involving (1) inappropriate and offensive comments concerning the physical attributes and clothing of female members of the court staff; (2) inappropriate and offensive remarks concerning the intimate relationships of court attachés or attorneys with their spouses; and (3) other inappropriate and offensive remarks in the presence of court staff. In addition, the Commission found that (4) petitioner singled out women working under his supervision for inappropriate and nonconsensual touching, or attempted touching, although such conduct was "unusual and episodic," occurred over a lengthy period, was relatively infrequent, and did not constitute a pattern of misconduct.

The Commission's report itemizes 18 separate acts of misconduct, involving 9 complaining witnesses. It further found, however, that since 1992 petitioner appears to have ceased this misconduct, that he is a skilled, able, and hardworking judge whose courtroom conduct is beyond reproach, that he has contributed extensively to the legal community, and that he has donated substantial time and effort to the local community as well. Nonetheless, as indicated, the Commission concluded that petitioner's prior conduct constituted "conduct prejudicial to the administration of justice that brings the judicial office into disrepute," for which he should be publicly

---

\*Before Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., George, J., Werdegar, J., and Lillie, J.†

†Presiding Justice, Court of Appeal, Second Appellate District, Division Seven, assigned by the Acting Chairperson of the Judicial Council.

censured. As will appear, we agree with the Commission's findings and conclusions.

Section 18(c) provides in pertinent part that, "On recommendation of the Commission on Judicial Performance the Supreme Court may . . . censure or remove a judge for action occurring not more than 6 years prior to the commencement of the judge's current term that constitutes willful misconduct in office, persistent failure or inability to perform the judge's duties, habitual intemperance in the use of intoxicants or drugs, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute. . . ."

■ In this review proceeding, we make an independent evaluation of the evidence before the Commission to determine whether the charges against petitioner are supported by clear and convincing evidence. Thereafter, we must determine whether the conduct that is the subject of the proceeding constitutes a basis for censure or removal, and, if so, the appropriate action. (See *Mardikian* v. *Commission on Judicial Performance* (1985) 40 Cal.3d 473, 476-477 [220 Cal.Rptr. 833, 709 P.2d 852]; *Gubler* v. *Commission on Judicial Performance* (1984) 37 Cal.3d 27, 35 [207 Cal.Rptr. 171, 688 P.2d 551]; *Wenger* v. *Commission on Judicial Performance* (1981) 29 Cal.3d 615, 622 [175 Cal.Rptr. 420, 630 P.2d 954]; *Spruance* v. *Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 784, fn. 5 [119 Cal.Rptr. 841, 532 P.2d 1209]; *Geiler* v. *Commission on Judicial Qualifications* (1973) 10 Cal.3d 270, 275-276 [110 Cal.Rptr. 201, 515 P.2d 1].)

■ As we recently observed, "The provision that prejudicial conduct [under § 18(c)] must be that which 'brings the judicial office into disrepute' . . . does 'not require notoriety, but only that the conduct be "damaging to the esteem for the judiciary held by members of the public who observed such conduct." [Citation.]' " (*Kennick* v. *Commission on Judicial Performance* (1990) 50 Cal.3d 297, 314 [267 Cal.Rptr. 293, 787 P.2d 591, 87 A.L.R.4th 679].)

Petitioner acknowledges that his conduct has damaged public esteem for the judiciary, for his petition for review recites that he "deeply regrets the dishonor brought to the bench by this matter." Petitioner nonetheless contests the Commission's findings. Although he readily admits that his conduct "warrants appropriate discipline," he contends that "censure should not be imposed for acts he did not do . . . ."

Rather than file a brief specifically addressing the Commission's findings and conclusions, petitioner has simply incorporated his earlier objections to

the similar (but not identical) findings of the special masters appointed by this court pursuant to California Rules of Court, rule 907. As a result, many of petitioner's objections are not pertinent to the Commission's actual findings, and will not be discussed here. For example, although the petition complains of material in a footnote to the special masters' report, the Commission's own "Findings and Conclusions" expressly recite that the Commission did not consider the foregoing material in reaching its conclusions and recommended censure.

As will appear, rather than assert errors of law or other irregularities in the proceedings below, petitioner's objections are directed almost exclusively to the credibility of the various witnesses against him, and accordingly raise matters difficult to reevaluate on the basis of a cold record. **(1b)** As we have often stated, although we must make an independent evaluation of the record, we nonetheless give special weight to the masters' findings that reflect their evaluation of the credibility of the witnesses who testified before them. (*Kennick* v. *Commission on Judicial Performance, supra,* 50 Cal.3d at pp. 314-315; *Gubler* v. *Commission on Judicial Performance, supra,* 37 Cal.3d at p. 34, and cases cited.)

The Commission adopted, with only minor modifications, the report of the special masters appointed by this court. Because this case involves public censure rather than outright removal of a judge, we need not explore in detail the extensive factual matrix underlying each of the Commission's findings. Instead, we only summarize the gist of petitioner's misconduct in the four areas specified by the Commission.

### 1. *Remarks Concerning Physical Attributes*

The Commission found that, on several occasions, petitioner made offensive remarks to female court reporters or clerks concerning their buttocks, breasts, or legs. (E.g., petitioner told a court reporter, "Your butt looks good in that dress.")

### 2. *Remarks Concerning Intimate Relationships*

The Commission found that, on several occasions, petitioner made offensive remarks to female court attachés or attorneys regarding their intimate relationships with their spouses. (E.g., petitioner told another court reporter, after she turned away from his attempt to console her, "I certainly hope you're not that frigid at home with your husband.")

### 3. *Other Remarks in Presence of Court Staff*

The Commission found that, on several occasions, petitioner made other offensive and crude remarks in the presence of court staff. (E.g., petitioner,

in discussing a janitor, jokingly told a female court reporter that, "The only thing he's ever done to me is go down on me a couple of times.")

4. *Inappropriate, Nonconsensual Touchings*

The Commission found that, on a few isolated occasions, petitioner singled out women working under his supervision for inappropriate and nonconsensual touching, or attempted touching. (E.g., he slapped or patted a court reporter and a court trainee on their buttocks.)

■ Petitioner's objections to the Commission's findings in the foregoing four separate areas of misconduct relate to the asserted lack of credibility of the complaining witnesses. Petitioner cites at length the testimony of other court employees stating that no inappropriate remarks or touchings were made in *their* presence. But such testimony obviously would not necessarily rebut the extensive evidence from numerous complaining witnesses that misconduct deserving of censure indeed occurred.

Petitioner cites further testimony suggesting that the complaining witnesses should be disbelieved because they either (1) had motives to fabricate their testimony, (2) misinterpreted petitioner's innocent words or deeds, or (3) unduly delayed reporting their complaints about petitioner's conduct. Again, all such matters were more properly addressed to the special masters in the course of their assessment of the credibility of the complaining witnesses.

"Generally we give weight to the findings and conclusions of both commission and master. [Citation.]" (*Wenger* v. *Commission on Judicial Performance, supra*, 29 Cal.3d at p. 622.) Because of the difficulties inherent in attempting to pass on the credibility of testimony when only the written record is before us, we give special weight to the special masters' resolution of fact issues that turn on the credibility of testimony taken in their presence. (See *id.* at p. 623; *Kennick* v. *Commission on Judicial Performance, supra*, 50 Cal.3d at pp. 314-315; *Geiler* v. *Commission on Judicial Qualifications, supra*, 10 Cal.3d at pp. 275-276.) Additionally, although the Commission heard no testimony, "its own expertise and unanimity . . . suggest that deference be accorded to its inferences and conclusions." (*Wenger* v. *Commission on Judicial Performance, supra*, 29 Cal.3d at p. 623.)

Our own independent review of the record, coupled with the due deference and special weight we give, respectively, to the findings of the Commission and special masters, affords ample bases for concluding that the Commission's findings are supported by clear and convincing evidence, and

that petitioner's conduct is the proper basis for public censure. Petitioner's misconduct was such as to "bring[] the judicial office into disrepute" (§ 18(c)), being conduct " ' "damaging to the esteem for the judiciary held by members of the public who observed such conduct." ' " (*Kennick* v. *Commission on Judicial Performance*, *supra* 50 Cal.3d at p. 314.)

This opinion will serve as an appropriate censure.

On March 2, 1995, the opinion was modified to read as printed above.