[No. S052965. June 20, 1996.]

In re NORMAN W. GORDON, a Judge of the Superior Court, on Censure.

COUNSEL

Susan D. Martynec and Kenneth C. Byrne, Deputy Attorneys General, and Roland W. Selman for Commission on Judicial Performance.

Baker, Silberberg & Keener, Robert C. Baker and Melissa S. Fink for Respondent.

OPINION

THE COURT.— ■ The Commission on Judicial Performance has recommended that we publicly censure Norman W. Gordon, a judge of the Los Angeles County Superior Court, for engaging in "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." (Cal. Const., art. VI, § 18, subd. (c)(2).) Judge Gordon has not challenged the commission's findings or recommendation.

Following the appointment of special masters, hearings were held, evidence taken, and upon completion of the hearings, the special masters prepared a formal report setting forth their findings of fact and conclusions of law. After consideration of written statements of objections to the masters' report, the matter was argued before the commission which, with minor changes, adopted the findings of fact and conclusions of law of the special masters.

The commission found that between April of 1990 and October 27, 1992, Judge Gordon on several occasions made sexually suggestive remarks to and

asked sexually explicit questions of female staff members; referred to a staff member using crude and demeaning names and descriptions and an ethnic slur; referred to a fellow jurist's physical attributes in a demeaning manner; and mailed a sexually suggestive postcard to a staff member addressed to her at the courthouse. None of the conduct occurred while court was in session or while the judge was on the bench conducting the business of the court.

The commission concluded that these actions constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute. (See *Fitch* v. *Commission on Judicial Performance* (1995) 9 Cal.4th 552 [37 Cal.Rptr.2d 581, 887 P.2d 937].) While the actions were taken in an ostensibly joking manner and there was no evidence of intent to cause embarrassment or injury, or to coerce, to vent anger, or to inflict shame, the result was an overall courtroom environment where discussion of sex and improper ethnic and racial comments were customary.

After reviewing the record, we are satisfied that the conclusions of the commission are justified, and that its recommendation should be adopted. This order will serve as the appropriate sanction.